41 C.C.P.A.(Patents)

**JOHN WALKER & SONS, Limited**

v.

**MODERN SHOE CO.**

**Patent Appeal No. 6061.**

United States Court of Customs and Patent Appeals.

May 27, 1954.

Watson, Leavenworth, Kelton & Laggart, New York City (Ellis W. Leavenworth and Leslie D. Taggart, New York City, of counsel), for appellant.

Lawrence H. Cohn, St. Louis, Mo. (Terry & Cohn, St. Louis, Mo., of counsel), for appellee.

Before JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

JACKSON, Judge.

This appeal is in a trade-mark opposition proceeding wherein the Examiner-in-Chief of the United States Patent Office affirmed a decision of the Examiner of Interferences dismissing the notice of opposition brought by appellant in which it challenged the propriety of registering the notation "Johnnie Walker" within an oval by Modern Shoe Company as a trade-mark for men's and boys' shoes made of leather, fabric, rubber, and combinations of said materials.

Testimony was taken by appellant only and both parties filed briefs and were represented at the hearing in the Patent Office.

In the notice of opposition, pursuant to the clause of Section 2(d) of the Act of 1946, 15 U.S.C.A. § 1052(d), appellant alleged likelihood of confusion or deception of purchasers as the only statutory ground for opposing appellee's right of registration.

Appellant relied upon his prior use and ownership of the identical expression "Johnnie Walker" as applied to whiskey. Therefore, the sole issue to be determined here is whether or not use by the parties of the identical notation for their respective goods would be likely to result in confusion or mistake or to deceive purchasers.

There can be no doubt that the mark of appellant is probably one of the best known in the whiskey producing industry. Counsel for appellant has stressed the fact that more than 3,800,000 cases

of whiskey have been sold in the United States bearing its mark since the year of 1933, and that its advertising expenditures have amounted to more than six million dollars. Therefore, it contends that, by reason of such extensive sales and advertising, its mark has attained such general notice that it is entitled to an unlimited scope of protection against any use thereof on any other goods.

Neither of the tribunals below agreed with the contention made on behalf of appellant on the ground that, manifestly, shoes on one hand and whiskey on the other have nothing in common as to their essential characteristics, and there is nothing in the record here to show that the goods of the parties are otherwise related.

Both the examiner and the Examiner-in-Chief were of opinion that the wide difference in the goods obviated any reasonable likelihood of confusion when used on the respective goods.

It has been argued by counsel for appellant that appellee was motivated in the adoption of the involved trade-mark by a wish to capitalize on the established goodwill of appellant. It was pointed out by the examiner, and correctly so, that there is nothing from which such an inference can be drawn and mere arguments and statements, without any basis except innuendo or suspicion, are without probative force.

Of course, it is probably of common knowledge that the notoriety of the name itself and the depiction of a dandy of former days striding along appearing in the advertisements of the product of appellant makes appellant's mark an exceedingly valuable asset; however, the mark sought to be registered does not include the image of the striding gentleman and, therefore, the argument that the gentleman is wearing boots has no pertinency here.

We have examined all of the cases cited in the briefs of the parties, but do not deem it necessary to refer to any of them except the case of Alligator Co. v. Larus & Bro., Inc., 196 F.2d 532, 39 C.C.P.A., Patents, 939, 93 USPQ 436. There, as here, appellant contended that its trade-mark "Alligator," as applied to rainwear and sportswear such as raincoats, topcoats, and jackets was strongly associated in the public mind with its business and reputation. Appellee's mark applied to tobacco products. We held there that the products of the parties upon which their trade-mark was placed differed in every essential characteristic and, therefore, were not likely to cause confusion or mistake or deceive purchasers. We arrive at the same conclusion here. Therefore, the decision of the Examiner-in-Chief is affirmed.

Affirmed.

JACKSON, Judge (retired), sat in place of GARRETT, Chief Judge.

O'CONNELL, Judge, did not participate in the consideration or decision of this case.